THE STATE, H. M. WAINRIGHT ET AL., PROSECUTORS, v.
JAMES CRAIG, COLLECTOR, &c.

The act entitled "A supplement to 'An act for the formation of borough governments,' approved April 5th, 1878," which supplement was approved March 6th, 1888, does not empower the borough assessor and collector to assess and collect state, county or township taxes within the borough.

*Certiorari* removing assessment of taxes.

Argued at February Term, 1889, before Justices MAGIE and GARRISON.

For the prosecutors, *H. M. Wainright.*

For the defendant, *F. P. McDermott.*

The opinion of the court was delivered by

MAGIE, J. This *certiorari* brings up assessments made by the tax assessor of the township of Wall, in Monmouth county, upon prosecutors, for state and county tax, road tax, poor tax, poll tax, school tax and incidentals tax, for the year 1888.

Since the case shows that prosecutors were residents in that township, and, therefore, subject, under the general tax laws, to such assessments, it devolves on them to plainly establish the error of the assessments their writ brings before us.

Their contention is that, although such taxes may lawfully be imposed on them, the proper officers to assess and collect them were not the assessor and collector of the township of Wall, but the assessor and collector of the corporation known as The Mayor and Council of the Borough of Manasquan, incorporated December 20th, 1887, under the act entitled "An act for the formation of borough governments," approved April 5th, 1878 (*Rev. Sup.*, *p.* 44), within the limits of which corporation prosecutors resided.

Defendant preliminarily urges that the question thus raised ought not to be considered, on the ground that, if it should be found that the proper taxing officers for 1888 within the borough of Manasquan were the borough assessor and collector, the assessment would not be set aside, but the court would be bound to amend its errors and enforce it, under the provisions of the act of 1881. *Rev. Sup.*, *p.* 602. Whether that act is operative when the illegality complained of is not in the tax itself but in the want of authority of the officers

by whom it was imposed, may be questioned. At all events,. if the court may act thereunder, it would seem to be necessary to determine to what officers the tax should be paid, which is the very question raised by prosecutors' claim. Since that. question has to be answered against that claim, we have thought it best not to determine the applicability of the act of 1881 to such a case.

By section 13 of the Borough act of April 5th, 1878 (*ubi* *supra*), as amended by a supplement of March 27th, 1882 (*Rev. Sup., p.* 48), taxes which boroughs were authorized to impose were to be assessed and collected by the assessor and collector of the township in which each borough was situated. The assessment and collection of state, county and township taxes were left in the hands of township officers.

A supplement to that Borough act was approved March. 6th, 1888 (*Pamph. L., p.* 140), which required the election, at each annual election in such boroughs, of an assessor and collector, to be known as the borough assessor and collector. The original act required ten days' notice of an annual election, and fixed such election for the second Tuesday in March,. which, in 1888, fell on the 13th.

For reasons hereinafter given, prosecutors must stand on the provisions of the supplement above mentioned, and the question is, whether they confer on officers elected under it the power of assessing and collecting state, county and township. taxes.

There is no express grant of such power. It is argued that the grant must be implied from a clause in section 1, which declares that the "borough assessor and collector shall have and possess the same powers and authority, perform the same duties and receive like compensation as are now had, performed and received by the various township assessors and collectors * * * of this state." But this language cannot be taken literally. It must evidently be restricted to the functions of such officers, not only within the limits, but for the purposes of the municipal corporation whose officers they are. For the act does not provide how moneys assessed and.

collected for other purposes shall be disposed of. If, as to state and county taxes, it could be inferred that the borough collector should pay them as a township collector would, what is to be done by the borough collector with township, poor, road and other taxes? A literal construction of the act would create a dual administration of these public moneys which would be absurd and intolerable and could not have been intended.

Besides, the supplement makes no provision for determining how much of such taxes are to be assessed within the borough.

The plain meaning of the clause in question is, that such borough assessor and collector shall, as to their functions within the borough, and for borough purposes, be endowed with the powers and burdened with the duties of similar officers in townships. They are therefore only authorized, under the supplement of March 6th, 1888, to assess and collect borough taxes.

Prosecutors' claim is not strengthened by a further supplement to the Borough act, which was approved on March 23d, 1888 (*Pamph. L.*, p. 226), and which provides for the election of a borough assessor and collector and defines their duties in considerable detail. It obviously covers the whole subject of the election, powers and duties of such officers, and for that reason, and because it contains a general repealer, would, ordinarily, be held to have wholly superseded and repealed the supplement of March 6th, at least so far as that act related to that subject.

Whether the supplement of March 23d, 1888, has conferred on assessors and collectors elected thereunder the powers claimed may well be doubted, but, if it has, the borough of Manasquan was not affected thereby in the year 1888. For that supplement provided for an election in any borough in that year, only in case the act took effect in time to give a notice of five days before the annual election. As the act was not approved until ten days after the annual election in 1888, no valid election under that act was possible. Assuming that act capable of being construed so as to confer power on the

borough officers over state, county or township taxes, I apprehend it could not take away the power of township officers in that respect until such borough officers could have been legally elected thereunder.

This would, of itself, dispose of prosecutors' claim, but for the fact that, on April 24th, 1888 (*Pamph. L., p.* 525), another supplement to the Borough act was passed, which recited, in a preamble, that certain boroughs had caused notice of the election of an assessor and collector, at the annual election in 1888, to be given in anticipation of the passage of the supplement of March 6th, 1888, and had elected such officers; that ten days' notice of such election was required and had not been given, after the approval of that supplement, and that doubts had arisen as to the legality of such election, and then enacted that "all acts of the said officers done and performed or to be hereafter done and performed, under and by virtue of the provisions of said supplement, shall be held and declared valid and effectual in law."

The case shows that the borough of Manasquan was one of those boroughs which had anticipated the passage of the supplement and elected such officers.

In this tangle of legislation what expresses the legislative will seems difficult, if not impossible, to satisfactorily settle. Whether the supplement of April 24th, which affects only part of these boroughs, is a general or a special law; whether it wholly repeals the supplement of March 23d, which itself had, at least partially, repealed the supplement of March 6th, or whether the operation of the supplement of March 23d is only suspended, during the term of office of those who were elected in anticipation of the passage of the supplement of March 6th, and confirmed by the supplement of April 24th, are some of the perplexing questions presented.

Fortunately these questions need not be decided. Under the acts above reviewed, it is evident that if any borough assessor or collector existed in the borough of Manasquan in 1888, he acquired what power he had solely from the supplement of March 6th, 1888, under which he was empowered to

act solely by the supplement of April 24th, 1888, if the latter supplement is valid.

But such officers, as we have seen, were not empowered by the supplement of March 6th, 1888, to assess or collect state, county or township taxes.

The assessment must therefore be affirmed, with costs.