THE STATE, DANIEL F. MORRILL, PROSECUTOR, v. JOHN M. SIMPKINS, COLLECTOR OF THE BOROUGH OF VINELAND.

The assessor of a borough organized under "An act for the formation of borough governments," approved April 5th, 1878, is empowered by the supplement of March 23d, 1888, to assess all taxes, state, county, township, school, as well as borough taxes.

---

This writ brings up an assessment of taxes for the year 1890 against the prosecutor for state, county, township, poll, special school and fire district taxes. The assessment was made by the assessor of the borough of Vineland, which borough was incorporated under an act for the formation of borough governments. *Rev. Sup.*, p. 44, and its supplements. The borough lies within the larger territory included within the township of Landis.

Argued at February Term, 1891, before Justices KNAPP and REED.

For the prosecutor, *John J. Crandall.*

For the defendant, *John S. Mitchell.*

The opinion of the court was delivered by

REED, J.    This writ is sued out by the prosecutor's attorney for the purpose of settling the question whether the assessors, in boroughs like Vineland, have the power to assess any taxes other than those authorized for borough purposes.   The position of the prosecutor is that all the state, county, township and other taxes, not borough taxes, must be assessed by the assessor of the township within which the borough lies.

This question was raised in the case of *Wainright* v. *Craig,* 22 *Vroom* 462, but its decision being unnecessary, it was left open.

I am of the opinion that the borough assessor possesses the power to assess all the taxes of every kind within the limits of the borough.   The intention of the legislature to confer this power upon this officer seems to me to be unmistakable.

The following statutory provisions are indicative of such intention :

The supplement of 1888 (*Pamph. L., p.* 226, § 4) provides that the borough assessor shall possess the same powers and perform the duties in the same manner as the assessors in the several townships.   The same section provides that the assessor shall be a member of the county board of assessors. This direction implies that he shall take a part in the collection of state and county taxes, else he would have no business in the county board.

The same act, in section 5, defines the duty of the borough tax collector.   By its terms he shall possess all the powers of township collectors.   It then provides that in addition thereto he shall collect, receive and hold all moneys raised by taxation for all purposes within the borough.   It then provides how the borough money, except school moneys, shall be paid out.

This section plainly implies that he shall collect all taxes, including school taxes, and there can be no doubt that those taxes which the borough collector is authorized to collect the borough assessor is empowered to assess. So, there seems to be no room for doubt that the legislature intended to confer upon the borough assessor the ability to assess all taxes within the borough limits.

There does seem to be a juncture of affairs which is not expressly provided for, in respect of some of the taxes to be assessed within the borough.

I allude to those taxes which are levied for township purposes, both within that part of the township lying within as well as within that part of the township lying outside of the borough. The Borough act has not provided for borough control over all the subjects of local government which are confided to the townships under the General Township act (*Rev., p.* 1194, § 11), or which are within the powers granted to the township of Landis by its special act of incorporation. *Pamph. L.* 1864, *p.* 180, and its supplements.

For an instance of such taxes, reference can be made to the tax authorized to be raised by the township for the support of the poor. This tax is still raised by an assessment imposed upon the property lying in the township, including the territory covered by the borough. To find the percentage of tax to be levied, it is essential that all the ratable property in the township shall be considered as a basis for a rating. To accomplish this purpose, it is essential that the respective assessors of the borough and of the township shall meet and compare their abstracts of ratable property within their respective territories. Now, there is no express direction in the Borough act respecting such a meeting.

But such a comparison of ratables is an essential incident in the execution of the general power granted. The grant of the authority to assess carries with it the authority to perform, as well as the duty to execute the details necessary to the execution of the official function imposed. The same course of conduct is probably implied in that provision in the Town-

ship act (*Rev., p.* 1195, § 12) which enables the town meeting to elect more than one assessor.

In the event of the election of two assessors, and of a division of territory, instead of a joint assessment of the entire property, the same necessity for a comparison of the property listed for taxation by each assessor would arise. The same duty would then be implied in that case as exists in this case, in view of the condition of affairs now under consideration.

In the clear evidence of the intent of the legislature that all taxes shall be assessed in the borough by the borough assessor, in the same manner as all taxes are to be assessed in the township by the township assessor, the duty of the borough and township assessors is to carry out the details essential to effectuate the assessment.

Whenever a tax, whether a township tax, a school district tax or other local tax, shall be levied upon property lying in more than one taxing district, and so a comparison of ratable property must be made for the purpose of ascertaining the proportion of tax to which the property in each taxing district is liable, then the duty is imposed upon these officers to meet and compare abstracts.

The assessments are affirmed, with costs.