THE STATE, EX REL. OTTO F. REXROTH, TREASURER OF THE TOWNSHIP OF LANDIS, RELATOR, v. WILLIAM H. AMES, ASSESSOR, AND THE MAYOR AND COUNCIL OF THE BOROUGH OF VINELAND.

1. The township of Landis has no right to raise money for "incidental purposes" without specifying what those purposes are, as it may be that the money proposed to be raised is to be devoted to some object to which the borough is not required to contribute.

2. The county board of assessors meet only for the purpose of determining how much each township and borough shall contribute to the state and county tax, and the valuation fixed by that board is exclusively for the purpose of adjusting such quota.

3. The tax laws provide a remedy where one or more persons are assessed at too low a rate.

On application for *mandamus.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the relator, *Royal P. Tuller.*

For the respondents, *Henry S. Alvord.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The borough of Vineland is formed out of a portion of the township of Landis, under the Borough act.  *Rev. Sup., p.* 44.

The borough assessor is empowered, by the supplement of March 23d, 1888 (*Pamph. L., p.* 226, § 4), to assess all taxes, state, county, township and school, as well as borough taxes.  *Merrill* v. *Simpkins,* 24 *Vroom* 582.

In that case, Mr. Justice Reed, in delivering the opinion of the court, also held that, in respect to those taxes which are levied for township purposes, both within that part of the township lying within, as well as within that part of the township lying outside of, the borough, and which must be raised by an assessment imposed upon the property lying in the township, including the borough, it was necessary to take into account all the property of the entire township in order to ascertain the percentage of tax to be levied; that, to accomplish this purpose, it was essential that the assessors of the borough and the township should meet and compare their respective abstracts of ratables.  *Merrill* v. *Simpkins,* 24 *Vroom* 584.

At the spring election of 1892, by a majority of all the votes cast in the township, including the borough, it was resolved to raise the sum of $2,800 for "incidentals."

The borough assessor assessed the ratables of the borough at the sum of $1,047,000.

The county board of assessors, when they met in accordance with the provisions of the Tax act (*Rev., p.* 1155, *pl.* 71),

fixed the valuation for said borough at the sum of $1,300,000. The borough assessor did not attend the meeting of the county board, and refused either to accept their valuation in assessing the taxes for township purposes or to assess the borough at all for the sum voted for "incidentals."

A *mandamus* is now sued for by the township, to compel the borough assessor to make such assessment.

We think the refusal of the borough assessor, in all respects, is well founded.

The town meeting had no right to raise money for incidental purposes without specifying what those purposes were. It may be that the money proposed to be raised was to be devoted to one or more objects to which the borough could not be required to contribute. *State* v. *Saalman,* 8 *Vroom* 156.

The county board of assessors meet only for the purpose of determining how much each township and borough shall contribute to the state and county tax, and the valuations fixed by the county board are exclusively for the purpose of adjusting such quota.

In adjusting the valuations for levying money for township purposes, the township assessor and the borough assessor should have met and compared their respective abstracts. The tax laws provide a remedy where any one or more persons are assessed at too low a rate.

It does not appear that the defendants have failed in the performance of any duty imposed by law upon them, and the *mandamus* is therefore denied, with costs.