W. W. CONOVER v. GEORGE A. PARKER, COLLECTOR OF EATONTOWN TOWNSHIP.

The supplement to the General School law (*Pamph. L.* 1894, *p.* 506) excepts from its provision that each township shall constitute a separate school district "any district acting under a special charter." *Held*, that School District No. 85, while acting under the provisions of an act of the legislature (*Pamph. L.* 1873, *p.* 613), was within the class thus excepted.

---

On *certiorari*.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the prosecutor, *Robert Allen, Jr.*

For the defendant, *James Steen.*

The opinion of the court was delivered by

GARRISON, J. This writ of *certiorari* brings up the assessment of taxes against W. W. Conover, in the township of Eatontown.

The prosecutor objects to so much thereof as is for " Special School Tax Long Branch District No. 85, $4.00 on 1000 $180.00." This item has reference to a certain issue of school bonds made in 1875 by the Long Branch commissioners under legislative authority. *Pamph. L., p.* 309. No school tax against the prosecutor other than this appears by the return.

Prior to 1872, School District No. 85 was created by combining several existing districts, including the Long Branch commission and what is *now* (but was not then) the district of Eatontown. In 1873, by a special public act (approved April 3d) (*Pamph. L., p.* 613), the legislature provided this district with a distinct organization, investing it with many special privileges and powers, and, by a subsequent supplement thereto, authorized the issue of certain bonds, which are the same that the prosecutor now contends should not be made the basis of the present taxation against him.

Inasmuch as the validity of these bonds can be drawn in question upon a direct attack only, such of the reasons as tend to raise that question here will be passed.

Of the available grounds for reversal, the one mainly pressed is that "An act to amend an act entitled 'An act to establish a system of public instruction'" (*Pamph. L.* 1894, *p.* 506), being a general law, repeals so much of the acts of 1873 and 1875 as is inconsistent with it. The provision of the general act, to which this force is in particular ascribed, is that thereafter each township shall constitute a separate school district. In 1873, by a special public law (approved April 4th), the township of Eatontown was created and declared to be a body politic and corporate as such. The contention of the prosecutor, therefore, is obviously correct with respect to his tax in said township, unless the twenty-third section of the general act of 1894 compels a contrary conclusion. That section is as follows: " That this act shall

apply to all districts in this state receiving any portion of the state school moneys; *provided*, that in any district acting under a special charter, or under the provisions contained in the charter of any city, town, borough or other municipality, this act shall apply only so far as it is consistent with the provisions of such charter, and that all such charters shall remain and be in force and effect the same as if this act had not been passed."

The decisive question thus presented is whether School District No. 85, when proceeding in obedience to the provisions of the act of April 3d, 1873 (*Pamph. L.*, *p.* 613) is "acting under a special charter." It is not denied that, by that act, the legislature gave to this district a distinct organic law and clothed it with special powers with respect to its officers and affairs, including the power to erect buildings, to sell property and to raise money by bonds, to be paid off by taxation. But it is said that all of this does not constitute a special charter, the argument being that that only is a charter to which the artificial body owes its corporate *existence*. It will not, however, be profitable to follow this line of argument, for the reason that the language up for interpretation excludes such a contention. The words of the proviso are "any district *acting* under a special charter." Whatever question there might be as to the legislative meaning had the language been different, no reasonable doubt can exist that a district is *acting under* a special charter when its organization and mode of procedure have been specially ordained for it by distinct legislative prescription, which is the case here. By its own limitations, therefore, the general law of 1894 leaves School District 85 to act under the special body of law created for its benefit.

Another question sought to be raised by the reasons filed is whether the act of April 4th, 1873, by which the township of Eatontown was set off did not, *ipso facto*, dismember School District No. 85. In the absence, however, of any expression of legislative purpose to the effect that school districts must bear any fixed relation to any other political or geographical

subdivision of the state, I see no ground on which this contention can rest.

It is also said that the tax in question is illegal because it is "attempted to be established by persons not resident in said township." It may be that I fail to apprehend the intended force of this reason, but, as I interpret it, it is simply another way of insisting that the legislature either has not the power to erect a school district that is not coterminous with a township, or, if it has the power, that it has not exercised it with respect to District No. 85, a question that has been already passed upon. The tax in question, for anything alleged against it in this record, is legal, and should be affirmed, with costs.