THE STATE, FRANK S. BENSON ET AL., PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF BLOOMFIELD ET AL.

1. The "Act in relation to borough commissions," passed March 7th, 1882, the "Act for the formation of boroughs," passed in 1890, and the "Act for the formation of boroughs," passed in 1891, are of doubtful constitutionality, and, if valid, supplements to the Borough act of 1878 are not unconstitutional because they do not apply to local governments organized under either of those three acts.
2. By force of the supplements of March 6th, 1888, March 23d, 1888, and March 7th, 1895, to the Borough act of 1878, all taxes to be assessed and collected in the borough of Glen Ridge, except school taxes, are to be assessed and collected by the borough assessor and collector. The supplement passed April 24th, 1888, does not change the law in that respect.
3. Supplements to the Borough act of 1878 are not unconstitutional because they do not apply to boroughs incorporated by special charters before the constitutional amendments prohibiting special legislation were adopted.
4. Glen Ridge still constitutes part of Bloomfield school district, and school taxes cannot be assessed by the borough assessor.

On *certiorari* in matter of taxation.

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *Riker & Riker.*

For the defendants, *Gallagher & Richards.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ brings before this court certain taxes assessed by the assessor of the township of Bloomfield against the prosecutors, who are residents of the borough of Glen Ridge, the property assessed being also within said borough.

The reasons relied upon for reversal are substantially:

*First.* That by reason of the supplements to the Borough act, passed April 5th, 1878 (*Gen. Stat., p.* 179), under which said borough is incorporated, the power to levy and collect said taxes is lodged exclusively in the assessor and collector of said borough.

*Second.* That Glen Ridge is a separate school district, and is entitled to assess and collect its own school tax.

In *State* v. *Clayton,* 24 *Vroom* 277, this court held the Borough act of April 5th, 1878, to be valid and constitutional.

Under various supplements passed to said act, up to the year 1888, the township assessed and collected all taxes within the borough. The borough was subject to all township taxes except road tax, and, in addition thereto, was subject to a borough road tax and a tax for borough purposes not to exceed fifty cents on the $100 of valuation.

A supplement to the Borough act of April 5th, 1878, was passed March 6th, 1888 (*Pamph. L., p.* 140), which has been construed by this court to give boroughs, formed under the act of 1878, power to assess and collect their taxes for borough purposes, but not the county and township taxes within said boroughs. *Wainright* v. *Craig,* 22 *Vroom* 462.

A further supplement, passed March 23d, 1888 (*Pamph. L., p.* 226), has been held by this court to authorize and require the borough assessor and collector to assess and collect all taxes which are to be assessed and collected in said borough. *Maxson* v. *Segoine,* 24 *Vroom* 339; *Morrill* v. *Simpkins, Id.* 582.

The power and duty of the borough assessor and collector, under this legislation, to assess and collect all taxes to be raised within the borough, except school taxes, is indisputable.

It is claimed, however, by the defendants that a further supplement to the act of April 5th, 1878, passed April 24th, 1888 (*Gen. Stat., p.* 199, § 124), restores to the township the right to assess and collect the borough taxes.

This supplement provides that the supplement of March 15th, 1881 (*Pamph. L., p.* 115), shall be amended to read as follows: "That it shall and may be lawful for the council of every borough, organized and formed under the act to which

this is a supplement, to order and cause to be assessed and raised by tax every year such sum or sums of money, not exceeding fifteen hundred dollars in any one year, as they shall deem expedient for the current expenses of such borough, which sum so designated, being certified to by the mayor and clerk, shall be assessed and collected the same as provided for and directed in the act to which this is a supplement." A proviso follows, authorizing the mayor and common council of the borough to exempt from municipal taxation certain manufacturing corporations.

The supplement of 1881 is in no respect changed, except by the addition of said proviso.

The supplement of 1881, as well as the amendatory supplement of 1888, relates only to the sum raised exclusively for borough purposes, and the utmost effect that, under any interpretation, can be claimed for it is that it deprived the borough of the previously-existing right to assess and collect the taxes for borough purposes, but left in the borough the duty to assess and collect the county and township taxes for which it was liable.

Such could not have been the legislative intent, nor is it the correct construction of this enactment.

This amendatory act is a supplement to the act of April 5th, 1878, and the provision in it that the taxes to be assessed under it " shall be assessed and collected the same as provided for and directed in the act to which it is a supplement," means in the manner provided for in the act of 1878, as it stood on the 24th of April, 1888—that is, the act of 1878 as amended up to that date. The act of 1878 had then no existence except in its amended form. There is no repealing clause in the last-named supplement, nor is there any indication of an intention to repeal the two before-mentioned supplements passed at the session of 1888. This act of April 24th, 1888, so far as it amends the act of 1881, is in conformity with the constitutional requirement, the section amended being set out at length ; but it cannot have the effect to revive the provisions in the act of 1878, which before then had been re-

pealed, giving the township the right to assess. That part of the act of 1878 is not set out in this act of 1888, as required by article 4, section 7, placitum 7 of the constitution.

If this interpretation is not adopted the result is not affected ; the right of the borough to assess and collect is recognized and guaranteed by a further supplement to the act of April 5th, 1878, passed March 7th, 1895. *Gen. Stat., p.* 215.

This supplement provides "that all boroughs existing within the limits of any of the townships of this state, incorporated under the act to which this is a supplement, shall hereafter be entirely separate and independent in all matters of local government from the townships out of which said boroughs have been created."

By force of the acts of March 6th, 1888, March 23d, 1888, and March 7th, 1895, if valid, the borough was disconnected from the township and vested with the power of assessing and collecting its own taxes.

The defendants insist that there is one unconstitutional feature common to all these acts.

The alleged infirmity is that in terms they apply only to boroughs created under the law of April 5th, 1878, and do not apply to boroughs previously existing under special charters, nor to borough commissions formed under the act of March 7th, 1882 (*Gen. Stat., p.* 286), nor to boroughs formed under the "Act for the formation of boroughs," passed in 1890 (*Gen. Stat., p.* 225), nor to boroughs formed under the "Act for the formation of boroughs," passed in 1891. *Pamph. L., p.* 280 ; *Gen. Stat., p.* 236.

By the Borough act of April 5th, 1878, the inhabitants of any township or part of a township in this state, embracing an area not to exceed four square miles, and containing a population not exceeding five thousand, may become a borough in the manner prescribed by the act.

The act of March 7th, 1882, provides for the incorporation of borough commissions with an area not exceeding two square miles and a population not exceeding three thousand.

The act of 1890 provides for the incorporation of boroughs

with an area not exceeding two square miles and a population not less than two hundred.

The act of 1891 provides for the incorporation of boroughs with an area not exceeding two square miles and a population not less than two hundred.

These acts contain no repealing clause, and it is manifest that neither one was intended to repeal, or in anywise to modify, the act of April 5th, 1878; it has been so adjudged by this court in *Green* v. *Clarke*, 27 *Vroom* 62.

The act of 1878 provides a mode for incorporating boroughs which may be adopted by those localities which are empowered to incorporate under either of the said three acts passed since that time.

If the classification of boroughs and borough commissions by the three acts last named is founded upon substantial differences, then local governments organized thereunder constitute classes separate and distinct from boroughs formed under the act of 1878, and supplements to the latter act would not be appropriate to, and need not include them.

But if the classification is illusory, then the acts of 1882, 1890 and 1891, although general in form, are in fact special and local, and therefore void. Supplements to the act of 1878 could not legally extend to unconstitutional acts.

The act of 1878 is general and may be applied to the cases for which the subsequent laws were framed. The populations described in the three later acts are within the classification adopted in the act of 1878, and there does not appear to be anything distinctive in their character or circumstances to constitute a legal basis for such legislation.

It is difficult to conceive how four several laws providing different modes of organizing boroughs for the same class of population can each be general.

Each of these three acts passed since 1878, in its turn, creates diversity, and destroys the generality which the act of 1878 created. If these acts are valid, there is no limit to the number of like acts which may be passed to add to the bewildering confusion and uncertainty which now exist in this

branch of our statute law. A multiplicity of acts have been passed apparently without regard to, and certainly without any correct understanding of previous legislation upon the same subject, so that it is not possible for the courts to assert with great confidence what is their true interpretation and effect.

If, in the laws affecting the controversy before us, the constitutional guarantees have been disregarded, it is not in the legislation supplemental to the act of 1878, but in multiplying laws subsequent to that act, which, in their operation and effect, are special and local, and productive of that diversity which is inimical to the organic law.

The question whether the aforesaid supplements to the act of 1878 are unconstitutional because they do not apply to boroughs previously existing by special charters, remains to be considered.

At the time of the adoption of the amendments to our constitution prohibiting special legislation, there was great diversity in the special charters of the various boroughs, as well as in those of towns and cities in the state.

Without repealing all special charters, it was not possible to legislate so that all cities should have a uniform government, and that all boroughs should have uniform government.

It has never been suggested that legislation would not be general unless that result was attained.

Legislation providing a scheme for the formation and government of new municipalities is general, and not special and local, in the contemplation of the constitution, if the law applies to all of a class of municipalities created thereunder after the adoption of the constitutional amendments.

A general law for the formation of new cities could not be made applicable to all cities previously existing under special charters without creating the greatest confusion.

If the supplements of 1888 and 1895 to the act of April 5th, 1878, must, to be valid, be made to include previously-existing boroughs under special charters, how can the original

act of 1878 be upheld, as it has no application to such boroughs?

In my judgment, the test is whether the act of 1878 would be valid if the provisions contained in the acts of 1888 and 1895 had been incorporated in it when it was originally passed.

I can see no reason why the legislature could not have included those provisions in the act of 1878.

The framers of the constitution did not intend to disturb the past; they exacted uniform and general legislation for the future. The law was general in providing that all boroughs created under it should conform to its provisions.

Such boroughs constituted a class for legislation to which boroughs under special charters do not belong.

If the supplements under consideration had in terms been extended to boroughs under special charters, they would have been unconstitutional, as that would not have been within the title of such acts.

In my opinion, the legislation upon which the borough rests its authority to assess and collect its own taxes is valid and constitutional.

In the case of *Alsbath* v. *Philbrick*, 21 *Vroom* 581, the infirmity was that the act applied only to seaside resorts; other boroughs having all but that one feature were not made subject to the act.

The school taxes are affected by other legislation.

The reason relied upon in regard to those taxes is that Glen Ridge is a separate school district, and is required to raise money for school purposes through its own taxing officers.

The act of May 25th, 1894 (*Pamph. L.*, p. 506), is relied upon to establish this proposition.

The twenty-fourth section of that act provides "that each city, borough and incorporated town shall be a school district separate and distinct from the township school district." *Gen. Stat.*, p. 3061, § 257.

This language, if unaffected by other legislation, would make a separate school district of every borough.

The act of March 22d, 1895 (*Pamph. L.*, p. 503), section 3, provides "that each city, borough and incorporated town, which contains four hundred or more children between the ages of five and eighteen years shall be a school district, separate and distinct from the township school district; but if less than four hundred such children, it shall be a part of the township school district." *Gen. Stat.*, p. 3067, § 289. It is provided, however, that nothing in that act contained shall be construed as abolishing any school district legally constituted at the time the act passed; and further, that nothing in said act contained shall apply to any city, borough or incorporated town or proposed city, borough or incorporated town, where proceedings are pending for the incorporation of the same when said act was passed.

It is admitted that Glen Ridge has less than four hundred children between the ages of five and eighteen years, and that the board of education was appointed and the district organized in June, 1895, after the act of March 22d, 1895, had taken effect.

It has been judicially determined that the borough of Glen Ridge became incorporated February 13th, 1895.

Glen Ridge is not within the second proviso of the act of March 22d, 1895. There were no proceedings pending for incorporation, so far as appears, when said act was passed.

Nor does the act of May 25th, 1894, affect or apply to the Bloomfield school district, because that was a district acting under a special charter. *Pamph. L.* 1849, p. 260, and subsequent amendments.

Section 23 of the act of May 25th, 1894, provides that said act shall not apply to any school district acting under a special charter.

Bloomfield school district, therefore, is not affected by the act of May 25th, 1894, and Glen Ridge cannot, upon that act, support its claim to be a separate school district. *Conover v. Parker*, 28 *Vroom* 631.

The object of the legislation referred to was to prevent the dismemberment or dissolution of school districts in operation and which had acquired property rights.

The result is that all the taxes certified, except the school tax, were illegally assessed by the assessor of the township of Bloomfield.

If any irregularities were committed in making the assessment of the school tax, it will be the duty of this court, on proper application, to correct them under the act of 1881. *Pamph. L., p.* 194; *Gen. Stat., p.* 3404.