THE STATE, C. PARDEE WORKS, PROSECUTOR, v. THE
CITY OF PERTH AMBOY.

1. An original assessment for grading a street in the city of Perth Amboy having been set aside as to the prosecutor of a *certiorari* only, the reassessment was to be made as to such prosecutor under the act of March 23d, 1883. *Gen. Stat.*, p. 689.

2. Although in the report of such reassessment the commissioners need not set out at length the amount of the benefits to any other property than that of the prosecutor, they must show in their report that they did, in fact, ascertain and determine the actual and peculiar benefit which each landowner received.

3. If the report is defective in that respect, it should be referred back to the commissioners under the act of February 24th, 1876. *Gen. Stat.*, p. 369, § 13.

On *certiorari* in matter of assessment.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *William I. Lewis.*

For the defendant, *Adrian Lyon.*

The opinion of the court was delivered by

VAN SYCKEL, J. The original assessment in the city of Perth Amboy for the grading of Smith street having been set

aside as to Calvin Pardee only, proceedings were taken to reassess as to said Pardee. The writ in this case is prosecuted to review the reassessment.

Section 40 of the charter of the city of Perth Amboy (*Pamph. L.* 1870, *p.* 1143) does not apply to a reassessment where the original assessment has been set aside as to the prosecutor only.

The act of March 23d, 1883 (*Gen. Stat., p.* 689), applies to this case, and the proceedings to reassess were taken under that act.

The first section of the act of 1883 provides " that in all cases where an assessment of benefits for a local improvement in any city of this state shall have been or shall be set aside by the Supreme Court of the state, not as a whole, but only as to the persons prosecuting such suit, the common council or other legislative body of such city may appoint three commissioners, being freeholders and residents therein, whose duty it shall be to ascertain and determine to the best of their judgment the actual and peculiar benefit which the property affected by said suit has received from the said improvement for which it was originally assessed ; and the said commissioners are hereby authorized and empowered to reassess upon the said property an amount equal to the said benefit ; in making such reassessment the said commissioners shall assess upon the said property no more than the proportionate amount of the cost of said improvement which said property should bear in comparison with other property benefited thereby, and they shall so state in their report ; but it shall not be necessary for said commissioners to set out at length in said report the amount of the benefits to any other property than that which is affected by their said proceeding."

The statute expressly provides that the report need not set out at length the amount of the benefits to any other property than that of the prosecutor, but that by implication imposes upon the commissioners the duty of stating affirmatively in their report that they did, in fact, ascertain and determine the actual and peculiar benefit which each landowner received.

The proportionate amount of the cost of the improvement which the prosecutor should bear could not be properly found by the commissioners unless they considered and determined what area was benefited and the amount of benefit conferred upon each property.

Whether they ascertained that for themselves according to their own judgment, or arbitrarily adopted the original assessment as to all other property-owners, does not clearly appear by their report.

This court, therefore, under the act of February 24th, 1876 (*Gen. Stat.*, *p.* 369, § 13), granted a rule directing the commissioners to make a further certificate respecting this matter.

In obedience to this rule the commissioners, by their certificate filed November 18th, 1896, reported that in making the said reassessment they considered and determined what area was benefited and what benefit was derived by all the property affected by said improvement, and ascertained and determined the peculiar benefit conferred upon each landowner and the amount of the same.

The defect in the first report of these commissioners is cured by this certificate, and no other infirmity appearing the certified proceedings must be affirmed, but without costs.