CLARENCE W. BUTLER v. TOWN OF MONTCLAIR.

Argued November 12, 1901—Decided February 24, 1902.

1. Under the "Voorhees act" for the formation of town governments (*Pamph. L.* 1895, p. 218), and its supplement, towns may construct sewers within their territorial limits, and also in the territory of adjoining municipalities to secure an outlet for their sewage.

2. The cost of the entire system may, under existing legislation, be assessed upon lands within the town constructing the system of sewers, provided the assessment does not exceed the benefit conferred, and is in proportion thereto.

3. The "Voorhees act" and the supplements thereto are constitutional, although they do not pertain to towns incorporated by special law before the adoption of the constitutional amendments.

4. The town council is authorized to receive the report of the commissioners and confirm the assessment.

5. The act of 1897 (*Pamph. L.,* p. 246) is constitutional, and applies to towns incorporated under the "Voorhees act" as well as to all other towns.

6. The report of commissioners may be amended under act of February 24th, 1876. *Gen. Stat.,* p. 369.

On *certiorari* to reduce assessment.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *James M. Trimble* and *Edward M. Colie.*

For the defendant, *Edwin G. Adams* and *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J. This *certiorari* brings under review an assessment upon lands of the prosecutor in the town of Montclair. First, for the cost of an outlet sewer in the adjoining township of Bloomfield; second, for the cost of acquiring right to flow sewage of Montclair from such outlet sewer through another sewer constructed in Bloomfield by the city of Orange, also adjoining Montclair; third, for the cost of main sewer in Montclair.

These sewers are of three classes:

(1) Sewers within the town of Montclair, including the trunk or main sewers and lateral sewers.

(2) The Bloomfield outlet sewer, which is a sewer built by Montclair wholly within the territory of Bloomfield for the purpose of connecting Montclair's sewer system with the Orange outlet sewer.

This Bloomfield outlet sewer was constructed by Montclair at an expense of $32,000, under a contract with Bloomfield township, which permitted Bloomfield, upon the payment of $4,000, to use this outlet sewer in connection with Montclair.

(3) The Orange outlet sewer was built by the city of Orange for the purpose of discharging sewage into the Passaic river. By contract between the city of Orange and the town of Montclair, the said town has merely the right to discharge through the Orange outlet sewage not to exceed five million gallons per day.

For this right of flowage the town of Montclair paid the city of Orange the sum of $76,595.79.

The cost of this sewer system for Montclair, less the $4,000 received from Bloomfield and $1,491.50 assessed upon the town of Montclair at large for the general benefit, was assessed upon property in Montclair deemed to be peculiarly benefited.

The legislation invoked to support this assessment is so voluminous that within the reasonable limits of an opinion in this case reference only can be made to it as follows:

·1. The act of March 4th, 1884 (*Pamph. L., p.* 32), entitled "An act to provide for drainage and sewage in densely populated townships in which there is a public water-supply." *Gen. Stat., p.* 3636.

2. The supplement of 1885 (*Pamph. L., p.* 193) authorizing the application to the Circuit Court for the appointment of commissioners to assess the special benefits.   *Gen. Stat., p.* 3638.

3. The supplement of 1886 (*Pamph. L., p.* 86) providing method of making and collecting assessments.   *Gen. Stat., p.* 3642.

4. The supplement of 1888 (*Pamph. L., p.* 23) authorizing the issue of bonds for sewer improvement purposes.

5. The supplement of March 21st, 1888 (*Pamph. L., p.* 184), enlarging the class of townships to which the previous laws shall apply.

6. What is styled the "Short act," under which Montclair was organized as a town.   *Pamph. L.* 1888, *p.* 483.

7. The act of 1889 (*Pamph. L., p.* 85) authorizing connections with sewers.

8. An act entitled "An act concerning the making and collection of assessments for benefits conferred by the construction of sewers and drains." *Pamph. L.* 1895, *p.* 95; *Gen. Stat., p.* 2138.   It provides for an assessment for prospective benefits and was approved in *Vreeland* v. *Bayonne,* 31 *Vroom* 168.

9. The "Voorhees act," approved March 7th, 1895 (*Pamph. L., p.* 218), which provides for the formation, establishment and government of towns, and a supplement thereto. *Pamph. L., p.* 356; *Gen. Stat., pp.* 3525, 3545.

10. The act of February 19th, 1895 (*Pamph. L., p.* 95),

providing for assessments for both present and prospective benefits.

11. A supplement to the last-mentioned act. *Pamph. L.* 1896, *p.* 253.

12. The act of May 12th, 1896 (*Pamph. L., p.* 363), which is a further supplement to the "Voorhees act."

13. The act of 1897 (*Pamph. L., p.* 246) providing that commissioners appointed in incorporated towns to assess benefits shall not act in making assessment on their own lands, and shall append to their report a certificate duly certified that they did not do so.

14. The act of April 8th, 1898 (*Pamph. L., p.* 358), providing for payment of assessments in ten annual installments.

In State *v.* Englewood, decided at February Term, 1895, the Supreme Court held that the act of April 24th, 1888, under which Montclair was·incorporated as a town in 1894, is unconstitutional because it is based upon an improper classification of municipalities.

The act of 1888 was amended by the "Voorhees act" and its supplements before specified, which provide that towns incorporated under previous illegal laws shall be regarded as duly incorporated with all the powers given by the "Voorhees act."

This gave Montclair a valid town government, with the capacity to avail itself of subsequent pertinent legislation.

The fourth and fifth sections of the act of 1884, and the sixtieth section of the act of 1895 (*Pamph. L., p.* 242) give the power to construct· sewers within the municipality and beyond it, and to acquire sewage outlets beyond its limits.

The points made against this assessment are:

*First.* That there was no power to assess for the cost of the Bloomfield outlet sewer.

*Second.* That there was no power to assess for the cost of the right of flowage through the Orange outlet sewer.

*Third.* That under the statutes regulating the matter, the report of the commissioners should have been presented to the Circuit Court for confirmation, and that the town council was without jurisdiction to confirm such report.

*Fourth.* That the commissioners failed to assess in proportion to the benefits as required by law.

*Fifth.* That the commissioners proceeded illegally in their methods of making the assessment.

As to the first and second objections to the assessment, power having been given to construct a sewer system partly within and partly without the limits of Montclair, it will be an exceedingly narrow construction of the authority to assess for it to limit the right to assess to such benefits only as result from that part of the system which lies within the said town. Without the Bloomfield and Orange outlet sewers the system would be utterly useless.

There is nothing in this mass of legislation to justify the conclusion that the legislature intended to restrict the assessment for benefits to such benefits as would flow to lands within Montclair from the system, when completed, and made conducive to the purpose for which it was projected.

On the contrary, there are expressions which support the assessment as laid.

Section 69 of the "Voorhees act" provides that the contract price paid for the right of connecting with any sewer in an adjoining municipality shall be included in the cost of making the sewer, and shall be assessed as if such contract price were a portion of the cost of wholly constructing the sewer within the territorial limits of the town.

The fifth section of the act of 1896 (*Pamph. L., p.* 364) provides as follows:

"Whenever there has heretofore been constructed by the governing body of any town formed or established under the act to which this act is a supplement, or the township or other municipality of which said town is the successor, any outlet or connecting sewer through adjoining municipalities and forming a part of the sewerage system of such town, said outlet or connecting sewer shall be treated and regarded as parts of the main or trunk sewers constructed within the territory of such town, and all costs and expenses attending the construction of the same, and any sum paid for the privilege of connecting with the sewers of any other municipality shall,

for the purpose of assessment, be included in and form part of the cost of any main sewer connected therewith to be assessed and collected as now provided by law."

This act, if valid, expressly gives the requisite authority.

Its constitutionality is challenged upon two grounds—*first,* that it does not include towns incorporated by special charters prior to the passage of the general act for the incorporation of towns; *second,* that it does not include the town of Bloomfield, which was incorporated under the "Voorhees act" in 1900.

This act of 1896 is a supplement to the "Voorhees act," which did not impair the charters of towns previously incorporated by special charters.

In my judgment the supplement of 1896 is valid if it applies to the entire class included in the "Voorhees act."

If that act is not constitutional, a general law providing for the incorporation of towns or of cities cannot be upheld unless all special charters are repealed and such municipalities are subjected to the provisions of the general law.

In *Benson* v. *Bloomfield,* 29 *Vroom* 491, in which the constitutionality of certain supplements to the General Borough act was involved, this court said:

"Legislation providing a scheme for the formation and government of new municipalities is general, and not special, and local in the contemplation of the constitution, if the law applies to all of a class of municipalities created thereunder after the adoption of the constitutional amendments. * * * If the supplements of 1888 and 1895 to the act of April 5th, 1878 [the General Borough act] must, to be valid, be made to include previously existing boroughs under special charters, how can the original act of 1878 be upheld, as it has no application to such boroughs? In my judgment the test is whether the act of 1878 would be valid if the provisions contained in the acts of 1888 and 1895 had been incorporated in it when it was originally passed."

The question remains whether the supplement of 1896 does embrace all towns incorporated under the "Voorhees act."

So far as concerns this discussion, towns incorporated under the "Voorhees act" may be divided into three classes:

1. Towns already incorporated under that act which had theretofore, as townships, constructed outlet sewers.

2. Towns incorporated or to be thereafter incorporated under such act which might construct such sewers.

3. Towns to be hereafter incorporated under the "Voorhees act," where the municipal predecessor prior to the formation of the town government had constructed such sewers.

Montclair belongs to class 1, and is clearly within section 5.

Class 2 is within the same provision by virtue of section 69 of the "Voorhees act."

The dispute arises with reference to class 3.

The prosecutor contends that the word "heretofore" in section 5 of the act of 1896 refers to the time of the passage of the act, and excludes towns formed under the "Voorhees act," which were not in the condition to which the act applies by its terms at the time the act was passed, and that view excludes the town of Bloomfield and renders the act of 1896 special.

Bloomfield was incorporated by act of 1900, and by force of the act of 1896 (*Pamph. L., p.* 229) it is governed by the "Voorhees act" and its supplements.

Later than May 12th, 1896, it had incurred expenses for the construction of sewers, and the insistment is that as such expenses were not incurred before the act of 1896 was passed, the town of Bloomfield is not within section 5 of that act, and that the act is therefore void.

It is claimed on behalf of Montclair that the word "heretofore" in section 5 refers not to the time of passing the act of May 12th, 1896, but to the time of incorporating the town, and in my judgment the latitude of construction authorized by the following cases should lead to the adoption of that reading in order to support the constitutionality of the act: *Perrine* v. *Farr,* 2 *Zab.* 356; *State* v. *Troth,* 5 *Vroom* 377; *Board of Commissioners* v. *Horner,* 19 *Id.* 441; *Wood* v. *Atlantic City,* 27 *Id.* 232.

The act of May 12th, 1896, so interpreted, provides that whenever, prior to the time of incorporating a town under the "Voorhees act," its municipal predecessor has constructed a sewer, the fifth section shall apply.

This will clearly include Bloomfield and make the acts of 1895 and the supplement of 1896 valid.

The third objection to the assessment is that the report of the commissioners should have been presented to the Circuit Court for confirmation and not to the town council.

This proceeding is governed by an act entitled "An act concerning the making and collecting of assessments for benefits conferred by the construction of sewers and drains" (*Pamph. L.* 1895, *p.* 95), and by a supplement thereto passed in 1896 (*Pamph. L., p.* 253), and by the seventy-first section of the "Voorhees act."

The acts of 1895 and 1896 are general acts conferring power to assess, and said section 71 expressly gives the council power to confirm.

In this respect there is no error in the proceedings.

The legality of the assessment is also questioned because two of the commissioners were interested in property to be assessed.

By the "Voorhees act" of 1895 (*Pamph. L., p.* 241, § 59) it is provided that if a commissioner is interested, the council shall appoint a discreet and impartial freeholder to act in his place.

This was not done, and the failure to comply with this provision is alleged to be a fatal defect.

The town supports the assessment by the act of 1897 (*Pamph. L., p.* 246) entitled "An act concerning the qualification of commissioners, &c., in the incorporated towns of this state."

This act is general in its terms and applies to every incorporated town in the state, whether under the "Voorhees act" or by special charter before the constitutional amendments.

No exception is made, and it cannot be unconstitutional because it embraces all towns.

If it had been a supplement to the "Voorhees act," it would have applied only to towns incorporated under that act. That act, as before stated, we regard as general and constitutional in that it applies to a substantial class, and the powers granted thereby may from time to time be increased or diminished so long as the legislation pertains to all towns previously or subsequently incorporated under it. The legislature undoubtedly has the power to pass, under an appropriate title a law applying to every town in the state or to every city in the state or to every municipality in the state. It may also pass a law relating to less than the whole number upon a classification which is not illusory.

There is the further objection to the assessment that the commissioners have not certified that the assessment was laid in proportion to the benefits conferred, as required by section 5 of the act of 1895. *Pamph. L., p.* 97; *Little* v. *Newark,* 7 *Vroom* 170; *Hoboken Land and Improvement Co.* v. *Hoboken,* 7 *Id.* 291.

If the commissioners failed to assess in proportion to the benefits it would be fatal error.

Under the act of February 24th, 1876 (*Gen. Stat., p. 369*), this court referred the report back to the commissioners, who have, by the certificate of two of them, now filed in the office of the clerk of this court, certified that the said assessment was made in proportion to the benefits conferred, and that the omission so to state in their original report was inadvertent. Before this certificate amending the report was made one of the commissioners died.

The certificate of the two survivors, constituting a majority, is sufficient to cure the defect. *Pardee Works* v. *Perth Amboy,* 30 *Vroom* 335.

If there is any irregularity or defect in form, or any illegality in the assessment, the act of March 23d, 1881 (*Gen. Stat., p.* 3404, § 547), forbids setting it aside for that reason.

We find the assessment substantially correct, no erroneous principle having been applied in making it, and we adopt it under the act of 1881. *Brown* v. *Town of Union,* 33 *Vroom* 142; *S. C.,* 36 *Id.* 601.

The proceedings certified should be affirmed, without costs.