DIVISION OF TAX APPEALS.

IN THE MATTER OF THE COMPLAINTS OF THE TAXING
DISTRICTS OF THE CITY OF NEW BRUNSWICK AND
THE BOROUGH OF HIGHLAND PARK, IN THE COUNTY
OF MIDDLESEX, STATE OF NEW JERSEY, AGAINST
THE MIDDLESEX COUNTY EQUALIZATION TABLE,
FOR THE YEAR 1947.

Decided June 10, 1947.

354

For the City of New Brunswick, *Paul W. Ewing* and *Samuel G. Cohen.*

For Highland Park Borough, *Horace E. Barwis.*

For Carteret Borough, *Benedict W. Harrington.*

For Cranbury Township, *Albert C. Barclay.*

For Dunellen Borough, *Henry Handelman.*

For East Brunswick Township, *Thomas C. Mitchell.*

For Helmetta Borough, *Stanley Dickerson.*

For Jamesburg Borough, *Guido J. Brigiani.*

For Madison Township, *Fred M. Burlew.*

For Metuchen Borough, *DuBois S. Thompson.*

For Middlesex Borough, *Joseph M. Mutnick.*

For Milltown Borough, *Kearney Y. Kuhlthau.*

For Monroe Township, *Henry C. Berg.*

For North Brunswick Township, *Morgan R. Seiffert.*

For Perth Amboy, *Francis M. Seaman.*

For Piscataway Township, *Maurice M. Bernstein.*

For Plainsboro Township, *John E. Wicoff.*

For Raritan Township, *Thomas L. Hanson.*

For Sayreville Borough, *Joseph T. Karcher.*

For South Amboy City, *John P. McGuire.*

For South Brunswick Township, *Klemmer Kalleisen.*

For South Plainfield Borough, *Edward J. Santoro.*

For South River Borough, *George L. Burton.*

For Spotswood Borough, *J. Randolph Appleby.*

For Woodbridge Township, *Leon E. McElroy.*

WAESCHE, PRESIDENT. The statute, *Pamph. L.* 1934, *ch.* 191, § 3, provides that the State Board of Tax Appeals may review a county equalization table on the complaint of any taxing district, or on its own motion, *R. S.* 54:2–37; *N. J. S. A.* 54:2–37. This section of the statute also authorizes the Board to make all orders necessary to carry out such a review. The Division of Tax Appeals is the successor to the State Board of Tax Appeals. *Pamph. L.* 1944, *ch.* 112; *N. J. S. A.* 52:27B–52.

By a later statute the Division of Tax Appeals also is given authority to review a county equalization table. *Pamph. L.* 1946, *ch.* 161, § 5. This section provides that the Division

"shall succeed to and exercise exclusively all the powers and *perform all the duties concerning the review, hearing and* * * * *apportionment or equalization of taxes,* formerly exercised or performed by, or conferred and charged upon, the State Board of Taxes and Assessment * * *." *N. J. S. A.* 54:2–33. The State Board of Taxes and Assessment succeeded the Board of Equalization of Taxes and was invested with all the powers and duties of the prior board. *Pamph. L.* 1915, *ch.* 244. Chapter 67 of the laws of 1905, *N. J. S. A.* 54:1–18, *et seq.,* 54:2–14, 54:2–15, 54:2–18, established the Board of Equalization of Taxes "for the equalization, revision, review and enforcement of taxation." Section 3 of this act provides:

"In case it shall, by written complaint of any taxing district * * * appear that any other taxing district * * * that is by taxes contributing to a common cause with such complainant, is by inequality of valuation or otherwise avoiding or escaping from its fair share of the common burden, the said board shall thereupon cause an investigation of such complaint to be made, and shall render such aid and assistance as it may be able to give for the purpose of arriving at a fair and equitable adjustment of values of both real and personal property of any and every kind, * * *; to this end the said board may examine any assessor or board of assessments, under oath, as to his or their assessments, both as to the valuation as a whole and as to any particular piece of property or as to any property omitted from assessment, and may inquire by the testimony of witnesses concerning the same, and if it shall deem proper it may make a personal examination of any property in any taxing district * * *, for the purpose of equalizing assessments between such districts * * * bearing a common burden of taxation."

In the case of *State (Vail's Executors, Pros.)* v. *Runyon,* 41 *N. J. L.* 98, 106, our Supreme Court said that the object of the constitutional amendment of 1875 "was the equalization of taxation in its relation to the several parts of the state, and the prevention of unjust discriminations in the apportionment of the public burdens among its citizens liable to taxation." In order to carry out this constitutional mandate,

the legislature established the Division of Tax Appeals and expressly charged it, among other things, with the duty of equalizing the aggregate valuations of taxing districts within a county by reviewing, either on the complaint of a taxing district or on its own motion, the county equalization table. Hence, the Division is a constituent part of the machinery of taxation created by the legislature to secure an equal and fair distribution of the burden of taxation. *West Hoboken* v. *Commissioners of Appeal,* 66 *N. J. L.* 162; 49 *Atl. Rep.* 9. Consequently, the Division of Tax Appeals has the jurisdiction and the duty to review the county equalization table and the aggregate valuation of each and every taxing district in the county. The grant of the authority to equalize carries with it the authority to perform, as well as the duty to execute the details necessary to the execution of the official function imposed. *Morrill* v. *Simpkins,* 53 *N. J. L.* 582; 22 *Atl. Rep.* 57.

Furthermore, the aforementioned statute, *R. S.* 54:2–37; *N. J. S. A.* 54:2–37, requires the Division of Tax Appeals to revise and correct the equalization table, if the Division finds that the aggregate valuation of *any taxing district* is erroneous, and to ascertain the amount of county taxes actually charged against *each taxing district* in the county and the amount which should have been charged to *each district* according to the corrected table. The statute is mandatory in this respect. It says that the Division "shall revise and correct the equalization table." The word "shall" is used here in the imperative sense. *Haythorn* v. *Van Keuren & Son,* 79 *N. J. L.* 101; 74 *Atl. Rep.* 502. Therefore, the Division must have the necessary jurisdiction to comply with the statute, and this jurisdiction cannot be taken from us by any act of a taxing district since no complaint of a taxing district is necessary to enable this Division to act. 3 *Cooley, Taxation* (*4th ed.*), § 1194.

The express purpose of the above mentioned statutes, which confer upon the Division of Tax Appeals the authority to review a county equalization table, is to equalize and justly apportion the county tax burden among the several taxing districts in the county. The statute provides that this Divi-

sion shall ascertain the difference between the amount of the county taxes actually charged against each taxing district and the amount which should have been charged. This difference is debited or credited, as the case may be, to each taxing district on account of its share of the county taxes next due. *R. S.* 54:2–37; *N. J. S. A.* 54:2–37.

A similar duty was assigned to a county board of equalization of taxes by an act entitled "An act creating a county board of commissioners to equalize assessments for taxes, and defining their powers and duties," approved March 22d, 1900 (*Pamph. L.* 1900, *ch.* 74, § 5. In the case of *New Jersey Zinc Co.* v. *Sussex County Board, &c.,* 70 *N. J. L.* 186 (at *p.* 188); 56 *Atl. Rep.* 138, 139, our Supreme Court said:

"There is no power under the act of 1900, under which the defendants are organized, to direct that any particular parcel or class of property shall have its valuation increased. *Pamph. L., p.* 134. The power conferred by the fifth section of that act is to equalize the assessments of the several taxing districts of the county where it shall appear 'that the value of the property contained in any duplicate is relatively less than the value of other property in the county,' then they may, after a careful, particular and thorough comparison of the respective duplicates, 'add thereto such sum as shall appear just and proper and warranted by such comparison, but not otherwise.' "

Reviews of valuation assessments are of two kinds. One is a review of the aggregate assessments of taxing districts to avoid inequalities between the aggregate assessments of the taxing districts in a county, as distinguished from a review of an assessment on a particular piece of property. *3 Cooley, Taxation* (*4th ed.*), § 1194.

"Equalization of assessments has, for its general purpose, to bring the assessments of different parts of a taxing district to the same relative standard, so that no one of the parts may be compelled to pay a disproportionate part of the tax. * * * This is not done by changing individual assessments, but by fixing the aggregate sums for the several districts at what, in the opinion of the board, they should be, * * *." 3 *Cooley, Taxation* (*4th ed.*), § 1195.

The statute does not point out the mode for equalizing the county equalization table. "Where a statute empowers a state board to equalize valuations for taxation, but does not point out the mode, any reasonable and efficient mode may be adopted. Such boards may take as a standard the particular assessment roll which, in its judgment, most nearly represents a true valuation and conform the others to it." 3 *Cooley, Taxation* (*4th ed.*), § 1196.

We have determined that there is error in the aggregate valuations of several taxing districts as fixed by the County Board of Taxation of Middlesex County. In our opinion, the equalization table of the County of Middlesex for the year 1947, according to the evidence before us, should be corrected and revised as follows:

|  *Taxing District* | *Aggregate Valuations as Revised and Corrected* |
|---|---|
| Carteret Borough | $9,964,509 |
| Cranbury Township | 1,575,750 |
| Dunellen Borough | 4,388,671 |
| East Brunswick Township | 2,247,653 |
| Helmetta Borough | 655,480 |
| Highland Park Borough | 8,967,101 |
| Jamesburg Borough | 945,672 |
| Madison Township | 2,409,988 |
| Metuchen Borough | 5,782,333 |
| Middlesex Borough | 4,180,037 |
| Milltown Borough | 2,563,452 |
| Monroe Township | 1,424,153 |
| New Brunswick City | 38,422,375 |
| North Brunswick Township | 5,917,876 |
| Perth Amboy City | 42,612,631 |
| Piscataway Township | 5,129,897 |
| Plainsboro Township | 1,240,411 |
| Raritan Township | 8,630,389 |
| Sayreville Borough | 10,658,004 |
| South Amboy City | 4,120,913 |
| South Brunswick Township | 2,414,961 |

| | |
|---|---|
| South Plainfield Borough .......... | 4,157,104 |
| South River Borough .............. | 5,913,346 |
| Spotswood Borough .............. | 929,942 |
| Woodbridge Township ............ | 18,533,904 |

A judgment has been entered accordingly, setting forth the revised and corrected county equalization table and also the difference between the amounts of county taxes actually charged against each taxing district of Middlesex County and the amount which should have been charged according to the corrected table.