TOWNSHIP COMMITTEE OF LAKEWOOD v. TOWNSHIP COMMITTEE OF BRICK.

A *mandamus* will not be allowed to compel the performance, by township officers, of duties respecting the division of township property and debts between an old and a newly-created township, imposed by the provisions of a local and special act creating such township. If such a municipal corporation may be created by special laws, it must find the regulation of its internal affairs prescribed by general laws and special laws regulating such affairs in the newly-created township or in that from which it was taken, cannot be sustained.

---

On rule to show cause why a *mandamus* should not issue, requiring the township committee of the township of Brick, in the county of Ocean, to meet with the relators, the township committee of the township of Lakewood in said county, and to proceed to divide between said townships the property belonging to and the debts owing by said township of Brick, in accordance with the provisions of section 4 of the "Act to create a new township in the county of Ocean, to be called the township of Lakewood," approved March 23d, 1892. *Pamph. L., p.* 492.

Argued at November Term, 1892, before Justices VAN SYCKEL and MAGIE.

For the relators, *Isaac W. Carmichael.*

For the defendants, *William H. Vredenburgh.*

The opinion of the court was delivered by

MAGIE, J.   Defendants interpose many objections to the allowance of the *mandamus* asked for by relators.   One objection challenges the right of the legislature to pass the provisions the performance of which relators seek to enforce by the writ.

Such an objection may be considered on an application for *mandamus*.   *Pell* v. *Newark,* 11 *Vroom* 71.

The contention of defendants is that the clauses contained in section 4 of the act in question regulate the internal affairs of the new township of Lakewood, which is claimed to have been created thereby, and also of the township of Brick, out of which the new township is carved, and that the act, so far, at least, as those clauses are concerned, is obnoxious to the constitutional prohibition against local and special legislation of that sort.

That the act is not general, but local and special, is not open to question and was conceded in argument.

Some of its provisions are obviously regulations of the internal affairs of the new township.   Such are those contained in sections 2, 6 and 7 of the act.

But we are only concerned with the provisions of section 4, which require the township committees of the respective townships to divide, in a prescribed manner, the property and debts of the township of Brick, between the two townships, make the township of Lakewood liable to pay the proportion of debts allotted to it, and make it the duty of the township committee of that township to give bond to the township committee of the township of Brick for the proportion of debts so allotted to Lakewood.

In my judgment, these provisions are plainly regulations of the internal affairs of both townships.   They deprive the old township of part of its property.   They substitute for the right to tax property in the territory included in the new township, for the payment of outstanding liabilities, the bond of the new township.   They require the latter township to enter into such an obligation, and such a requirement doubt-

less carries with it both the power and duty to lay taxes to meet such obligation, which seem intended to be expressly enacted by section 5.

Shortly after the adoption of the constitutional amendments which introduced into the fundamental law the prohibition against local and special legislation regulating the internal affairs of municipalities, an act of the legislature which altered the dividing lines of the wards of a city was attacked as being within that prohibition. In disposing of the question in this court, the opinion was expressed that, notwithstanding the prohibition, the legislature might, by special laws, erect and create new townships, but that the ward divisions of a city were exclusively its internal affairs, and could not be altered except by general laws. *Pell* v. *Newark,* 11 *Vroom* 71.

When the cause was reviewed by the Court of Errors, it was there held that the act in dispute was local and special, and did in some other respects regulate the internal affairs of the city. The judgment of the Supreme Court was thus affirmed, but the court expressly declined to express any opinion as to the power of the legislature to alter existing local divisions in cities.

The power of the legislature to erect and create townships or other municipalities by special and local laws has never been judicially determined. The legislature has passed many special acts creating new townships since the constitutional amendments. It has also enacted general laws for the creation of new municipalities by the inhabitants of townships and others. In one, at least, of such laws provision was made for the erection of a borough by a special act, to be endowed with the powers conferred by the general act. *Rev. Sup., p.* 47, § 20. One of defendants' objections in this case brings into review the legislative power in these respects. But under the circumstances stated, it is deemed best to express no opinion on the question, for the right of the legislature is not necessarily involved in the case.

For if it be assumed that so much of the act as defined the boundaries of the new township of Lakewood and constituted

the inhabitants therein a municipal corporation was within legislative power, it does not necessarily follow that the other provisions are also to be pronounced valid. Whether they are so or not must depend upon their nature, for if they are regulations of the internal affairs of these townships, they come within the express letter of the constitutional prohibition.

There is a plain distinction between laws which erect and create municipalities and those which affect their government and regulation when formed. This distinction was pointed out in the opinion in this court in Pell v. Newark, and while it was thought that the constitutional prohibition did not control in respect to laws of the class first mentioned, it was held that it did extend to laws of the other class. This court afterward, commenting upon that opinion, expressed the view that, if power existed to create municipalities by special laws, yet those so created must find the regulation of their internal affairs prescribed by general laws and special laws regulating such affairs in the new municipality or in that from which it was taken, could not be supported. *Long Branch* v. *Sloane,* 20 *Vroom* 356. Upon reconsideration of that conclusion, I find no reason to change the views then expressed.

It is urged that general laws, to effect the purpose designed by the provisions of section 4 of the act before us, could not be devised, and that for that reason special laws may be resorted to. It need not be settled whether that is an admissible argument on the question of constitutional restrictions on legislative powers, for it is not true that general laws could not be enacted to apply to and cover all cases of division of the property and debts of divided municipalities. An example of such legislation can be found in the Borough law of 1886 (*Rev. Sup., p.* 53), which, although pronounced defective on other grounds, contains, in section 18, a general provision of the kind in question.

The result is that the provisions of section 4 of this act were not within the power of the legislature to enact, and a

*mandamus* to require the township committee to act in accordance therewith ought not to issue.

These and the other provisions of the act regulating the internal affairs of these townships are obviously severable from those provisions erecting and creating the township of Lakewood. If there be no effective objection to the latter provisions, the purposes designed by the former provisions may yet be attained by the enactment of general laws.

The rule to show cause must be discharged, with costs.