THE STATE, THE INHABITANTS OF THE TOWNSHIP OF
EWING, PROSECUTORS, v. THE INHABITANTS OF THE
CITY OF TRENTON.

A court can inquire whether the notice of intention to apply for the passage of a private, local or special act, required by article 4, section 7, paragraph 9, of the constitution, has been given.

On *certiorari*.

This writ brings up the action of the common council of the city of Trenton, directing the city assessors to assess all property in a part of Ewing township annexed to said city by the terms of an act entitled "An act to annex to the city of Trenton, in the county of Mercer, certain parts of the township of Ewing, in said county." *Pamph. L.* 1894, *p.* 595.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the township of Ewing, *Howell & Bro.*

For the city of Trenton, *John Rellstab.*

The opinion of the court was delivered by

REED, J.   The legality of the municipal action attacked rests upon the validity of the statute of 1894, purporting to annex a portion of the territory theretofore within the township of Ewing to the city of Trenton.   The act is special. Assuming that the boundaries of municipal corporations can be changed by special legislation, the counsel for the prosecutors challenge this act as one passed in contravention of the provisions of the constitution.

The ground taken is that the notice of the intended enactment was not given in conformity with article 4, section 7, paragraph 9, of the amended state constitution.

This paragraph of that instrument provides that "no private, special or local bill shall be passed unless public notice of the intention to apply therefor, and of the general object thereof, shall have been previously given. The legislature, at the next session after the adoption hereof, and from time to time thereafter, shall prescribe the time and mode of giving such notice, the evidence thereof and how such evidence shall be preserved."

The legislature prescribed, by the act of 1876 (*Rev., p.* 1125, § 37), for the giving and recording of such notices in all cases in which notices were required by the constitution. By an act (*Pamph. L.* 1894, *p.* 37), the manner of publication of notices of acts for the annexation or consolidation of any town or township to and with any city or other municipality, was prescribed.

The requirement of this act is that the notice shall be published in a daily newspaper published in the municipality with which such town or township is proposed to be annexed or consolidated, for at least five days prior to the introduction of the bill.

The record shows that the notice of the intention to apply for the legislation now attacked was published on May 4th, 5th and 7th, and the act was introduced on May 8th, 1894. The notice did not conform to the legislative requirement.

It follows, as a matter of course, that if this absence of the requisite preliminary notice is cognizable by this court, the statute must be pronounced a nullity.

If, however, the enrolled statute carries with it such conclusive evidence of its authenticity as to shut off all inquiry into the conditions which preceded or attended its enactment in this respect, its legality is unquestionable.

The existence of the judicial power of inquiry in respect to the notice of the introduction of special acts, was under consideration in the case of *Freeholders of Passaic* v. *Stevenson,* 17 *Vroom* 173.

In that case, it seems that the Supreme Court had held that the act then attacked was a special act, and that, because it

was admitted that no notice of its introduction had been given, its passage was held to be unconstitutional.

The Court of Errors affirmed the judgment of the Supreme Court. The affirmance, however, was by a part of the court, put upon the ground that the statute then in question was a special act, regulating the internal affairs of a county.

Upon the point whether it was permissible for the court to inquire into the existence of the preliminary notice, there was no deliverance by a majority of the court for or against the existence of such power of judicial inquisition.

We are of the opinion that the constitutional prescription, not only that the legislature shall fix the time and mode of giving the notice, but that it shall also prescribe what shall be evidence of the notice and how such evidence shall be preserved, leads to the conclusion that such evidence was to be preserved for a purpose other than mere legislative convenience. We think the intent to be deduced from the constitutional language is, that resort can be had to this evidence, whenever it becomes necessary to determine in a court whether this condition precedent to a constitutional special statute has an existence.

We adopt the reasoning of Mr. Justice Van Syckel, in his opinion delivered in the case of *Freeholders of Passaic* v. *Stevenson, supra,* when that cause was in the Court of Errors.

The assessments brought up therefore rest upon an unconstitutional statute, and are set aside.