THE STATE, BOROUGH OF GLEN RIDGE, PROSECUTOR, v. G. LEE STOUT ET AL.

1. The act entitled "An act for the incorporation of cities," approved March 22d, 1895, is not unconstitutional because it excepts from its operation territory already within the limits of any incorporated city or town, and does not except territory within the limits of boroughs; cities and towns constitute substantial classes.

2. The act, in providing that the township committee in which the district to be incorporated lies, may determine what territory shall be included in or excluded from the proposed city, does not illegally delegate legislative functions.

3. The fact that the legislature has created a municipality without bestowing upon it all the powers necessary for its government, will not authorize the court to declare the municipality has not a legal existence.

4. The borough of Glen Ridge, incorporated under the act of 1878, is a municipality separate and distinct from the township of Bloomfield, and cannot be included in a city formed under the act of March 22d, 1895, by a petition which describes the city to be incorporated as lying wholly within the township of Bloomfield.

On *certiorari*.

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Riker & Riker* and *Joseph Coult.*

For the defendants, *Richards & Gallagher* and *Thomas N. McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J.  This case involves the legality of the proceedings taken to incorporate a city to be called the " City of Bloomfield," under the act entitled "An act for the incorporation of cities," approved March 22d, 1895.  *Pamph. L., p.* 551; *Gen. Stat., p.* 785.

The act provides " that the inhabitants of any district lying wholly in one county, having a population exceeding five thousand, not including any territory already within the limits of any incorporated city or town, may become a body corporate by the name and title of the city of ———," &c.

Reasons 1 and 5 relied upon for reversal are that the territory taken for the new city includes lands already in the borough of Glen Ridge, which is claimed to be a "town," within the meaning of the act of 1895; and that if said borough is not regarded as a "town," then the act is local and special, because it excepts only cities and towns.

The classification in the act is alleged to be illusory.

The word "town" is used in our legislation in various senses, but a reference to the Borough act will show conclusively that in legislation upon that subject "boroughs" are not included when the word "town" is used.

In the supplement of April 22d, 1886, to the Borough act of 1878, under which "Glen Ridge" is incorporated, it is provided " that a borough government may be formed under this act and the act to which it is a supplement, by the inhabitants of any portion of this state now subject to the government of commissioners, or a police and sanitary board, or any other form of municipal government other than that of an incorporated city or town."  *Gen. Stat., p.* 188, § 54.

This shows the distinction, in the legislative mind, between boroughs and towns.  Boroughs cannot be formed out of

territory already part of a city or town.    The word "town," in the act of 1895, does not include "borough."

By the act of 1888 (*Pamph. L., p.* 483), for the formation of "towns," boroughs may be incorporated as "towns," showing that the legislature regards towns as a higher grade of municipality than boroughs, and they are given all powers necessary to conduct local government as fully as cities in most respects.    *Gen. Stat., p.* 3492.

Boroughs which are of an inferior class are prohibited, by the supplement of 1886, to the Borough act, to appropriate the territory of cities and towns, which constitute a higher class, but cities and towns may absorb "boroughs," for thereby they would be elevated to a higher plane.

The power of the legislature to enact general laws providing for the transition from a lower to a higher grade of municipality, is recognized by this court in *State* v. *Borough of Clayton,* 24 *Vroom* 277.

There is, therefore, a substantial reason for withdrawing towns from the operation of the act of 1895, which does not apply to boroughs.

The exclusion of towns and the inclusion of boroughs is not arbitrary or illusory.

If this is not true, it is difficult to perceive how the act for the incorporation of boroughs and the act for the formation of towns can both be constitutional.

Cities and towns constitute substantial classes.    Boroughs and territory subject to the government of commissioners, or of a police and sanitary board or other local boards, are not within either class.

It is competent for the legislature to pass a law for the formation of cities, authorizing the inclusion of boroughs and excluding towns, provided all boroughs are included, and the law is made applicable to all counties.

Such a law is general and not special.    It provides for the cities so constituted a uniform system of government, and prevents the diversity to which the constitution is inimical.

These reasons cannot prevail.

Reason 2 is that said act attempts to delegate the legislative power in contravention of the constitution.

It provides that the township committee, in which the district to be incorporated lies, shall meet for the purpose, among other things, of hearing complaints that territory has been unreasonably included or excluded, and of changing boundaries of the proposed city at their discretion.

*In re Ridgefield Park,* 25 *Vroom* 288, is relied upon to support this proposition. That case decided that the power to determine and adjudge within what territory the resident voters should be permitted to assume municipal existence and authority, cannot lawfully be committed to a justice of the Supreme Court.

The principle which underlies the case cited does not apply here.

The learned justice who delivered the opinion of the court in that case also delivered the opinion in the later case of *McLaughlin* v. *Newark,* 28 *Vroom* 298, in which the act of May 16th, 1894 (*Pamph. L., p.* 387), giving mayors of cities of the first class power to appoint a commission to divide cities into wards, was held to be constitutional.

This case was subsequently affirmed by the Court of Errors and Appeals, and disposes of the question now raised.

The third reason for reversal is that the act of 1895 is inoperative and void because it fails to provide a system of government for the proposed city. The seventh section provides that there shall be a mayor and city council, consisting of a councilman from each ward, and that all cities incorporated under said act shall be governed by the laws of this state "relating to and regulating the government of cities" passed April 24th, 1894. *Pamph. L., p.* 75.

The city may be legally constituted by one act, and the legislature, by another act, may give it the needed powers of government. *Lakewood* v. *Brick,* 26 *Vroom* 275.

The powers given in this case may be inadequate; if so, subsequent legislation will remedy the defect, or the city may

accept the provisions of the act of 1894 above referred to. *In re Cleveland,* 23 *Vroom* 189.

The fact that the legislature has created a municipality without bestowing upon it all the powers necessary for its proper government, will not authorize this court to declare that the municipality has not a legal existence.

The fourth reason for reversal is that the petition for the formation of said city incorrectly states that the territory included in the boundaries set forth therein lies wholly within the township of Bloomfield, whereas in fact it embraces all of the borough of Glen Ridge except a small portion which contains only seven of its inhabitants and three legal voters.

This raises the question whether the borough of Glen Ridge still forms a part of the township of Bloomfield to such an extent that in the petition for the proposed new city of Bloomfield it was correctly described as lying wholly within the township of Bloomfield.

A borough formed under the Borough act of 1878, before that act was amended, undoubtedly constituted part of the township out of which it was carved.

Supplements to that act have been passed from time to time diminishing the control of the township in respect to the affairs of the borough, until by force of the acts of March 6th, 1888, March 23d, 1888, and March 7th, 1895, boroughs incorporated under the act of 1878 are entirely separate and independent, in all matters of local government, from the townships out of which they are created.

That these acts are constitutional, and that such is their effect, is adjudged by this court in Benson *v.* Inhabitants of the Township of Bloomfield, decided at the present term of this court.

Glen Ridge, however, is not entitled to elect a member of the board of chosen freeholders, because its population is less than twenty-five hundred.

It also appears that under an act passed in 1894 (*Pamph. L.,* p. 254), the township of Bloomfield entered upon the construction of a sewer system for the entire township, under

which large obligations had been incurred before Glen Ridge was incorporated.

The act of 1894, still in force, authorizes assessments to be made for the cost of these sewers.

The borough of Glen Ridge, therefore, may be subject to certain duties and obligations by reason of the fact that it was formed out of the township of Bloomfield, but nevertheless it has a separate and distinct entity as a political subdivision of the state, and the city which it was proposed to incorporate was not properly described as being wholly in the township of Bloomfield.

Both the petition and notices given thereunder were misleading and defective.

The territory of Glen Ridge may, for some purposes, be dealt with as part of the township, so the township, for some purposes, is part of the county and the county part of the state, yet that does not change the fact that Glen Ridge is a separate municipality, and the notice and petition were bound to recognize that fact in order to be a basis for extinguishing the borough existence.

It might with equal propriety and reason be claimed that, under a petition for the formation of a city wholly out of the township of Amwell, in the county of Hunterdon, the town of Lambertville could be included because it had once been part of the township.

The township of Bloomfield consisted of the territory remaining in it after Glen Ridge was taken out of it, and nothing more.

In the cases cited in the able and elaborate brief of counsel for the defendants on this question, there is no support, in my judgment, for the certified proceedings as against this objection.

For the reason last discussed the certified proceedings must be vacated and set aside, with costs.