MARIE A. VREELAND ET AL., PLAINTIFFS IN ERROR, v. THE MAYOR, &c., OF BAYONNE, DEFENDANTS IN ERROR.

1. When a writ of error is prosecuted to reverse the judgment of the Supreme Court, rendered upon proceedings in *certiorari* to review a municipal assessment for benefits, the finding of the Supreme Court upon questions of fact is a finality.
2. Under the act of 1887 (*Pamph. L.*, p. 231) and the act of 1895 (*Pamph. L.*, p. 95), when the benefit is prospective and depends upon the construction of lateral and connecting sewers not yet built, the benefits derived from existing sewers are to be determined and assessed when the assessment is made upon property sewered and benefited by such existing sewers, but such assessments become liens only after connecting sewers are built, and draw interest only from the date of the confirmation of the assessment for the connecting sewer.

---

On error to the Supreme Court.   For opinion of Supreme Court, see 29 *Vroom* 126.

For the plaintiffs in error, *Samuel C. Mount.*

For Bayonne, *Thomas F. Noonan, Jr.,* and *James Benny.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ of error in this case is brought to reverse the judgment of the Supreme Court rendered upon proceedings in *certiorari* to review a municipal assessment for benefits.

The finding of the Supreme Court upon questions of fact is a finality, and this court will not review it in that respect. *Moran* v. *Jersey City,* 29 *Vroom* 653.

The judgment of the Supreme Court is erroneous and must be set aside in so far as it adjudges that assessments for future benefits are illegal and must be vacated.

In *Central Land Co.* v. *Bayonne,* 27 *Vroom* 297, this court held that the act of 1887 (*Pamph. L., p.* 231) is constitutional. The act of February 19th, 1895 (*Pamph. L., p.* 95), is to the same effect and is a valid law.

Under the provisions of these acts, " when the benefit is prospective and depends upon the construction of lateral and connecting sewers not yet built," the benefits derived from existing sewers are to be determined and the assessment made when the assessments are made upon property sewered and benefited by existing sewers, but such assessments become liens only from the time connecting sewers are built, and draw interest only from the date of the confirmation of the assessment for the connecting sewer. It is simply an ascertainment of benefits.

In the case last cited this was declared to be the proper interpretation of the act of 1887, and in that view it was pronounced to be constitutional.

The property indicated on the map on " Sheet No. 2 " was subject to assessment in accordance with the above-stated rule. The benefits accruing to lots on " Sheet No. 2 " from the sewers already constructed are required to be assessed when the assessment is made upon lands fronting on such sewers.

The benefits to flow from the construction of lateral or connecting sewers cannot be assessed until such lateral or connecting sewers are built.

As to the latter benefits, the problem would be incapable of solution because the cost of the work would not be known until it was done.

The benefits flowing from the existing sewers can be ascertained as readily before the connecting sewers are completed as afterwards.

Like assessments are frequently made on lands not fronting on the line of the improvement, as in the case of opening new streets. Lands not on the line of such new streets may be held to be in the area of assessable property, and benefits accruing to them included in the assessment.

In this case there are cross writs of error. The landowners' writ submits for review the judgment below except as to the twenty per cent. reduction and the prospective assessments on lands on "Sheet No. 2."

The city of Bayonne also prosecuted a writ of error and assigned as errors the twenty per cent. reduction and the ascertainment of prospective benefits on lands on "Sheet No. 2."

There is no error in the judgment below in respect to the errors assigned by the landowners who sued out the writ of *certiorari,* nor is there any error in respect to the twenty per cent. reduction ordered by the judgment of the Supreme Court.

But the judgment of the Supreme Court is erroneous in so far as it directs that the assessment upon lands indicated in red on said "Sheet No. 2" shall be vacated and set aside.

The judgment below must, therefore, be reversed and modified in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON.   10.