RICHARD R. MILLER, TREASURER OF THE CITY OF CAMDEN, RELATOR, v. PETER GREENWALT, LATE TREASURER OF THE TOWN OF STOCKTON, IN THE COUNTY OF CAMDEN, ANNEXED TO THE CITY OF CAMDEN.

SAMUEL HUFTY, COMPTROLLER OF THE CITY OF CAMDEN, RELATOR, v. PETER GREENWALT, LATE TREASURER OF THE TOWN OF STOCKTON, IN THE COUNTY OF CAMDEN, ANNEXED TO THE CITY OF CAMDEN.

Argued June 6, 1899—Decided November 13, 1899.

1. The act annexing the town of Stockton to the city of Camden (*Pamph. L.* 1899, *p.* 355), is constitutional.

2. The act entitled "An act concerning consolidated cities and annexed municipalities and townships and portions thereof," passed March 30th, 1888 (*Gen. Stat.*, *p.* 2245), is constitutional. By virtue of its provisions, the territory annexed to a city by a legislative act simply providing for such annexation, comes immediately under the charter and ordinances of the city. The officers of the annexed territory whose terms are not expressly saved become at once *functi officio.*

---

On rule to show cause why writs of *mandamus* should not issue.

Chapter 157 of the laws of 1899 (*Pamph. L., p. 355*) is as follows:

"An act providing for the annexation of the town of Stockton, in the county of Camden and the territory embraced therein, to the city of Camden, in said county.

"*Be it enacted by the Senate and General Assembly of the State of New Jersey:*

"1. The town of Stockton, in the county of Camden and the territory embraced therein shall be and hereby is annexed to the city of Camden, in said county of Camden; *provided*, that nothing herein contained shall in any way effect or impair any contract or contracts heretofore made by and between the town of Stockton and any person or persons, corporation or corporations.

"This act shall take effect immediately.

"Approved March 24, 1899."

The treasurer of the city of Camden, after the approval of this statute, demanded from Peter Greenwalt, who at the time of such approval was treasurer of the town of Stockton, all books, papers, vouchers and other writings that had come to his hand as such treasurer. Compliance with such demand was refused, whereupon there was allowed and entered a rule to show cause why a *mandamus* should not issue to enforce it. Later the city comptroller obtained a rule to show cause why a *mandamus* should not issue to permit audit and examination of such documents. On the return of the rule order was made that in substance effectuated that relief, and the controversy is now merged in the city treasurer's demand. Resistance to that demand is based upon alleged unconstitutionality of the act of annexation.

Before Justices DIXON and COLLINS.

For the relators, *Edward G. C. Bleakly.*

For the defendants, *John W. Wescott, Jonas S. Miller* and *John J. Crandall.*

The opinion of the court was delivered by

COLLINS, J.   The challenged statute is, we think, constitutional.   The power of creating municipal corporations is inherent and. exclusive in the legislative department of the government.   *In re Ridgefield Park,* 25 *Vroom* 288.   Nothing in the amendment of 1875, limiting to general laws the power of regulating internal affairs of towns and counties, curtails the power of creation.   This is conceded in the decisions interpreting the amendment, although the grounds for the concessions have not been uniformly taken.   It was the opinion of Chief Justice Beasley that the legislature may resort to a local or special law in any case where a legitimate object cannot be attained by a general law.   *Van Riper* v. *Parsons,* 11 *Vroom* 1.   At the same term Mr. Justice Van Syckel suggested that creation, or change of lines, of political divisions did not regulate internal affairs.   *Pell* v. *Newark,* 11 *Id.* 71.   The Chief Justice would not accept this view, and in a later case reiterated the opinion expressed in Van Riper *v.* Parsons, applying the doctrine, by way of. illustration, as justifying legislative power to create a change in the lines of municipalities by local and special laws.   *Dempsey* v. *Newark,* 24 *Id.* 4.   Other judges sitting in that cause were unwilling to unite in declaring the postulate of the Chief Justice, it not being necessary to the decision to do so.   Any change in existing political divisions certainly affects, though it may be said not to regulate, the internal affairs of the divisions concerned, and a change in towns may affect the internal affairs of counties.   Nevertheless, the plain constitutional power to make such changes cannot be destroyed by implication.   It has not been expressly destroyed, and the amendment must be so construed as to preserve it.   I think a reasonable construction is that new divisions may be created and existing lines may be changed by local and special laws at the legislative will, but that any regulation of the internal affairs of the changed divisions must be accomplished by some valid law—that is, a general or special law enacted prior to the amendment or a general law enacted since the

amendment. In the present case the legislature has acted on this theory. It passed an act of annexation, pure and simple, enlarging the territory of a city existing under a special charter antedating the amendment. *Pamph. L.* 1871, *p.* 210. Whether there can be such an annexation to a municipality formed under a general law need not now be decided. We have no doubt that the bounds of a town under special charter may, by a local and special law, be enlarged so as to take in contiguous territory. If the charter does not adequately provide for assimilation the law will not therefore be nugatory. It was said in this court in *Glen Ridge* v. *Stout,* 29 *Vroom* 598, that the fact that the legislature has created a municipality without bestowing upon it all the powers necessary for its proper government will not authorize the courts to declare that the municipality has no legal existence. The opinion of the Court of Errors and Appeals, on review of that case (30 *Id.* 201), did not disturb that proposition, and it is undoubtedly sound. It extends, of course, to annexation of territory. General legislation, past or prospective, must supply any lacking governmental powers. In the case in hand there is no difficulty on that score. By the provisions of "An act concerning consolidated cities and annexed municipalities and townships and portions thereof," passed March 30th, 1888 (*Gen. Stat., p.* 2245)—a clearly constitutional statute—the charter and ordinances of the city to which territory is annexed extend at once to such territory, and most careful regulations to avoid confusion are prescribed by the act. Upon the annexation, therefore, of Stockton to Camden, the defendant and all officers of the annexed municipality whose terms were not expressly saved became *functi officio.* All the prerogatives of the defendant as treasurer of Stockton have passed to the treasurer of Camden.

Let the rule to show cause be made absolute and a peremptory *mandamus* be issued as prayed.