ABRAHAM C. SEAMAN v. THE CITY OF CAMDEN.

Submitted February 20, 1901—Decided June 10, 1901.

By virtue of the provisions of the act of 1895, concerning the making and collecting of assessments for benefits conferred by the construction of sewers and drains, when the benefit to property accruing from the construction of a trunk sewer is prospective only, depending upon the construction of another and connecting sewer or drain not yet built, the assessment upon such property

is to be made at the same time and together with that made upon property presently benefited thereby, but the lien of such assessment does not come into existence until the connecting sewer or drain is built.

On *certiorari* to review assessment for benefits in constructing a trunk sewer.

Before Justices GUMMERE and FORT.

For the prosecutor, *John W. Wescott.*

For the defendant, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

GUMMERE, J.   Pursuant to the authority conferred by the provisions of a supplement to "An act providing for the formation, establishment and government of towns" *(Pamph L.* 1898, *p.* 471), the town of Stockton, in the county of Camden, passed an ordinance providing for the construction of a trunk sewer in and along Federal street, from Cooper avenue to Cooper's creek.   While this sewer was in process of construction the town of Stockton was annexed to the city of Camden, by an act of the legislature approved March 24th, 1899. *Pamph. L., p.* 355.   By force of this statute, and of the provisions of an act of the legislature passed March 30th, 1888 *(Gen. Stat., p.* 2245), the town of Stockton became an integral part of the city of Camden, and subject to the provisions of the charter of that city and its supplements. *Miller* v. *Greenwalt,* 35 *Vroom* 197; *S. C. on error, Id.* 722.   After the construction of the sewer had been completed the city engineer of Camden, in accordance with the requirements of the city charter and of the general laws regulating this subject, proceeded to assess the cost of this public work, upon the property benefited thereby, to the extent of the benefit received.   Besides assessing the property benefited *in præsenti* by the construction of the sewer, the city engineer also assessed lands not now benefited, but which lie within the area or district, which will ultimately be drained by this trunk sewer.

The prosecutor is the owner of lands lying within this district, and which will not be benefited by this work unless, and until, a lateral sewer is constructed, by which the drainage and sewage from such lands may be vented into the trunk sewer. His claim is that as no benefit will accrue to his property until it is connected with the trunk sewer by a lateral branch, an assessment which precedes such connection is invalid.

By virtue of the provisions of section 2 of an "An act concerning the making and collecting of assessments for benefits conferred by the construction of sewers and drains," approved February 19th, 1895 (*Pamph. L., p.* 95), when the benefit to property accruing from the construction of a trunk sewer "is prospective only, depending upon the construction of another and connecting sewer or drain not yet built," the assessment upon such property is to be made at the same time, and together with, that made upon property presently benefited by the construction thereof, but the lien of such assessment does not come into existence until the connecting sewer or drain is built, and interest thereon does not begin to run until the confirmation of the assessment for the connecting sewer. *Vreeland* v. *Bayonne,* 31 *Vroom* 168.

The assessment under review was made in conformity to the provisions of the act of 1895, as construed by the Court of Errors, in the case cited, and should be affirmed.