IN THE MATTER OF THE APPLICATION OF MUSICIANS'
PROTECTIVE UNION, LOCAL 526, AMERICAN FEDERA-
TION OF MUSICIANS, ET AL.

Argued October 8, 1947—Decided April 13, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the applicant, *Jacob L. Winegrad* and *Leo Rosenblum.*

For the City of Jersey City, *Charles A. Rooney* and *John F. Lynch, Jr.*

The opinion of the court was delivered by

DONGES, J. Application is made for a writ of *certiorari* to review an ordinance adopted December 16th, 1930, by the City of Jersey City. The ordinance regulates the operation and conduct of public places wherein food or drink, or both, are consumed on the premises, in that it prohibits any person who operates, manages or controls such place from permitting musicians to play therein, or from permitting customers to dance in said premises, or from permitting performances commonly known as a cabaret, or other such similar exhibitions, unless specially licensed by the Board of Commissioners of said city.

The application is made by the Musicians' Union and other individuals, taxpayers and members of the union residing within and in the vicinity of Jersey City. No application for a license is involved, but it is sought to have the ordinance

declared invalid, so that no limitations will be imposed upon the playing of music by musicians in public places.

There is, therefore, no action of the Board of Commissioners under the ordinance sought to be reviewed. It is more in the nature of an advisory opinion that is sought as to the legality of the ordinance.

Apart from the question of the status of prosecutors to secure a *certiorari* to have the legality of the ordinance passed upon, the gross 'laches on the part of prosecutors leads this court to deny such writ in the exercise of its discretion. As stated, the ordinance was adopted December 16th, 1930. The record discloses that Musicians' Protective Union, Local 526, American Federation of Musicians, has been located in and been a taxpayer of Jersey City since 1928, and that the other prosecutors have been residents for some years. It appears, therefore, that for more than seventeen years the Union has been in Jersey City and took no steps to have the ordinance reviewed, nor did the other prosecutors take any steps to have the validity of the ordinance passed upon. *Livelli* v. *Hoboken,* 78 *N. J. L.* 245; *Allen* v. *Freeholders of Hunterdon,* 72 *Id.* 116.

The application is denied, with costs.