[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 196 
This appeal is from an order entered in the Law Division of the Superior Court on October 27, 1948, dismissing a complaint in lieu of certiorari.
The complaint was filed by the Township of Bridgewater. The defendant, Borough of Raritan, is a municipal corporation created pursuant to the provisions of P.L. 1948, c. 72. This act provided that a portion of the Township of Bridgewater, described therein, would be the territorial limits of the new Borough of Raritan; that the incorporation of the new borough would become effective upon the adoption of the act by a majority vote of the qualified voters residing in the described territory, at a special election, and if adopted, that another special election should be held for the election of the borough officers. The first special election was held, at which P.L. 1948, c. 72, was adopted; and the second special election was held, at which the borough officers were elected. Thereafter, in July, 1948, the borough petitioned the Court of Common Pleas, pursuant to R.S.
40:43-21, for the appointment of three disinterested commissioners to make an appraisal and apportionment of the property and obligations of the new borough and the Township of Bridgewater. On September 10, 1948, the township filed objections to the granting of the relief prayed in the petition of the new borough, but the Judge of the Court of Common Pleas, on the same day, made an order over the objections of the township, in which he appointed three persons as commissioners to make the appraisal and apportionment between the borough and the township. On October 8, 1948, the township filed the complaint in lieu ofcertiorari which is now before us. The *Page 197 
complaint alleges the existence of the Township of Bridgewater; that the Town of Raritan was carved out of the township in 1868; that the Town of Raritan was recognized as a self-governing town by three later enactments of the Legislature and by Crisci v.The Board of Commissioners of Raritan, 119 N.J.L. 103 (Sup.Ct. 1937); that in February, 1948, the question arose as to whether the Township of Bridgewater should be required to include in its municipal budget an appropriation for a Town of Raritan corporation tax, as had been the prior practice for a number of years; that the question came before the New Jersey Supreme Court, and during the pendency of the said proceedings the Legislature enacted P.L. 1948, c. 72; that P.L. 1948, c.
72 included within the boundaries of the new Borough of Raritan, created by said act, all of the territory formerly included within the boundaries of the Town of Raritan and also a portion of the Township of Bridgewater; and that on July 19, 1948, the former Supreme Court in The Township of Bridgewater et al. v.The Local Government Board, 137 N.J.L. 416 (Sup. Ct. 1948), held that the Town of Raritan and the Township of Bridgewater are and have been separate municipal entities in contemplation of law. It further alleges that the Judge of the Court of Common Pleas erred in making the order of September 10, 1948, for the appointment of the commissioners, because P.L. 1948, c. 72 is an invalid and unconstitutional act, and therefore the Borough of Raritan, which claims creation thereunder, has no legal existence and no standing to make such application. Seven different grounds are given to support the allegation of unconstitutionality of the act. In addition, it alleges that the provisions of R.S.
40:43-10 et seq., are invalid and unconstitutional for reasons all grounded on the premise that P.L. 1948, c. 72 is unconstitutional. This complaint demands the following relief: (a) that the order dated September 10, 1948, made by the Somerset County Court of Common Pleas be set aside and the petition upon which such order was based be dismissed; (b) that P.L. 1948,c. 72 be declared invalid, unconstitutional and of no effect; and (c) that any and all territory described *Page 198 
in P.L. 1948, c. 72, situated within the boundaries of the Township of Bridgewater, be declared property remaining within the boundaries of said township.
On motion of the Borough of Raritan, the learned trial judge dismissed the complaint on the ground that the plaintiffs have no standing, right or authority to question the constitutionality ofP.L. 1948, c. 72, under which the defendant was created by the Legislature.
The Township of Bridgewater was aware of the proposal, contained in Senate Bill No. 205 introduced in the Legislature on March 8, 1948, to carve the new Borough of Raritan out of the township, and of its enactment as P.L. 1948, c. 72, effective May 12, 1948. See The Township of Bridgewater et al. v. TheLocal Government Board, 137 N.J.L. 416, 420. It permitted the two special elections required by this act to take place; the expenses therefor to be incurred; and the new borough to become an existing entity — all without question. Thereafter, it took no action until a collateral proceeding under R.S. 40:43-21 was instituted by the new borough. Under these circumstances the township cannot question the existence of the borough unless it has the permission of the Attorney General to do so; and no such permission is alleged or claimed. As was said in The Coast Co.v. The Mayor and Common Council of the Borough of Spring Lake,56 N.J. Eq. 615 (Ch. 1896); affirmed, o.b., 58 N.J. Eq. 586
(E. A. 1897):
"The question can be raised by an attack upon any step taken to organize a borough under the provisions of the act by means of acertiorari allowed before the corporation has become an existing entity.
"After the corporation has been organized, its existence can be called in question only by an information in the nature of a writ of quo warranto, allowed by permission of the attorney general. No unconstitutional feature in the scheme provided by the legislature for the institution of such a municial corporation can be made a ground for refusing to recognize the corporate function of a municipality so created when the corporate existence is involved in a collateral proceeding. Harvey v.Philbrick, 20 Vr. 374; Steelman v. Vickers, 22 Vr. 180.
"No matter how clearly unconstitutional are the provisions of the general act providing for the organization of a municipality; no *Page 199 
matter if in some other suit similar statutes or the same statute have been decided to be inimical to the constitution — nevertheless such a municipality is a de facto corporation until its municipal existence is annulled by a direct proceeding instituted for that purpose."
Neither the constitutional provision in Article VI, section
5, paragraph 4, "Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, * * *" nor the provisions ofRule 3:81 give a right to proceed by complaint in lieu of prerogative writ, without the permission of the Attorney General, in any case in which, prior to our new Constitution, such permission was a prerequisite.
The cases relied upon by the plaintiffs are not analogous. InStout v. Glen Ridge, 59 N.J.L. 201 (E. A. 1896), there was a direct attack upon the legality of the proceeding taken to incorporate under the act. In Township Committee of Lakewood v.Township Committee of Brick, 55 N.J.L. 275 (Sup. Ct. 1893);Ewing v. Trenton, 57 N.J.L. 318 (Sup. Ct. 1894), andMiller v. Greenwalt, 64 N.J.L. 197; affirmed, o.b.,64 N.J.L. 722 (E. A. 1900), the acts in question either created a new municipality or extended the boundaries of an existing municipality, without requiring any further proceeding to effect the incorporation, and the attack was made on the first action of the new or extended municipality. It is also to be noted that in the cases cited by the plaintiffs, no question was raised as to the right of the moving party to proceed without the permission of the Attorney General.
The order under appeal is affirmed. *Page 200