This appeal is from a summary judgment in favor of the defendants, entered in the New Jersey Superior Court, Law Division, Hudson County, on December 11, 1948, in a proceeding in lieu of prerogative writ.
The relief sought by plaintiffs was that an ordinance of the City of Jersey City, entitled "An ordinance concerning the regulation of public places in the City of Jersey City wherein food or drink, or both, are consumed on the premises," adopted December 16, 1930, "be declared illegal and void in its entirety and be set aside as a nullity." This ordinance makes it unlawful "for any person, persons or corporation who own, control, operate, manage, lease or rent any public places, wherein food or drink, or both, are consumed on the premises, to permit or allow musicians to play therein, or to permit or allow the patrons or customers patronizing the *Page 149 
said public places to dance upon any portion of the said premises so occupied by said person, persons or corporation, or to exhibit therein any performances commonly known as a cabaret, or other such similar exhibitions, unless specially licensed by the Board of Commissioners of the Mayor and Aldermen of Jersey City."
The Union plaintiff has a membership made up of professional instrumental performers resident within a fixed geographical jurisdiction which includes the City of Jersey City, and the three individual plaintiffs are members of this Union. The ordinance is attacked on the ground that it prevents the members of the plaintiff Union and the individual plaintiffs from obtaining regular employment as musicians within the City of Jersey City, by eliminating Jersey City completely as an area of regular employment, and thus it works a severe economic hardship upon them.
The preliminary question is whether these plaintiffs have any standing to attack the ordinance. For twelve years last past no application for a permit has been made under this ordinance. No action of the governing body under the ordinance is sought to be reviewed. No person required by the ordinance to obtain a license is a party to this suit. The plaintiffs argue that they have a standing to attack this ordinance because (1) their right to work is a property right and the ordinance interferes with this property right, and (2) they are taxpayers and the ordinance tends to burden the taxing district with a debt. There was no proof that the ordinance has interfered or will interfere in any way with the plaintiffs' right to work, and no proof that the ordinance has tended or will tend to burden the taxing district with a debt. Since the plaintiffs made no showing that they have sustained or are in immediate danger of sustaining any direct and certain injury as a result of the enforcement of the ordinance, they have no standing to attack it. Koons v. Atlantic City,134 N.J.L. 329 (Sup. Ct. 1946); affirmed, o.b., 135 N.J.L. 204
(E. A. 1947).
Two prior attempts were made by the same plaintiffs, with the exception of the plaintiff John Panza, to have this *Page 150 
ordinance declared invalid. On June 21, 1947, Mr. Justice Case, sitting as a single justice, denied their application for a wirt of certiorari. On October 7, 1947, the former Supreme Court, sitting en banc, denied a similar application for certiorari.In re Musicians' Protective Union, 137 N.J.L. 93 (Sup. Ct.
1948). The plaintiffs brought this present proceeding on September 15, 1948, on the theory that the taking effect of the judicial article of the new Constitution and the new rules of court changed the plaintiffs' position, so that as of that date review, hearing and relief could be had by them in this matter on a complaint in lieu of prerogative writ, as a matter of right. One who would have had no standing, because of lack of interest, to demand relief by way of prerogative writ under our former practice, has no standing to demand relief by way of complaint in lieu of prerogative writ under the new Constitution and rules. Accord Bridgewater Twp. v. Borough of Raritan, 3 N.J. Super. 194, 65 A.2d 861 (App. Div. 1949).
The judgment under appeal is affirmed.